United States District Court
Northern District of Alabama
Western Division

03 JUN -4 AM 10: 10

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| Sheila Sullivan, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-02-CO-2847-W |
| Pickens County Sheriff's Office, et al., | ] |
| Defendant(s). | ] |

**ENTERED**
JUN 0 4 2003

**Memorandum of Opinion**

### I.   Introduction.

The court has for consideration Defendants' motions to dismiss, filed December 16, 2002 (Doc. #2) and on February 10, 2003 (Doc. #5).[1] The plaintiff, Sheila Sullivan ("Sullivan"), brought suit under 42 U.S.C. § 1983 against defendants Pickens County Sheriff's Office, David Abston, Pickens County Sheriff, J. Christopher McCool, District Attorney ("McCool"), the Pickens County Commission, and the State of Alabama, alleging that she was wrongfully arrested and detained without probable cause. The issues have been briefed by both parties and are now ripe for decision. Upon due consideration, the motion will be granted and the case will be dismissed.

---

[1] The January 3, 2003 motion was filed by the State of Alabama and District Attorney McCool. The February 10, 2003 motion by the Pickens County Sheriff's Office, David Abston, Pickens County Sheriff, and the Pickens County Commission. The court's decision on this motion is sufficient to dismiss the entire case, thus the court did not request additional briefs.

## II. Standard.

A Rule 12(b)(6) motion tests the legal sufficiency of the Complaint. *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997). The court may dismiss a complaint under that rule only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the purpose of ruling on a 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations of the complaint. Moreover, it views them in a light most favorable to the non-moving party. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Burch v. Apalachee Community Mental Health Servs.*, 840 F.2d 797, 798 (11th Cir. 1988) (en banc).

## III. Allegations of the Complaint.

The plaintiff was arrested on November 21, 2000 on the charge of interference of custody in reference to an out of state custody order. (Complaint ¶ 5). Plaintiff maintains that she did not commit the crime and that she was arrested and maliciously detained without probable cause. (*Id.* at ¶¶ 7-11).

## IV. Discussion.

The defendants claim that this case is due to be dismissed because: (1) the court has no jurisdiction based on the *Rooker-Feldman* Doctrine; (2) the suit against the state of Alabama is barred by the 11th Amendment; and (3) the suit against state prosecutor is barred due to the grant of absolute immunity afforded to prosecutors. The court will address each argument in turn.

### A. Applicability of the *Rooker-Feldman* Doctrine

The *Rooker-Feldman* Doctrine is an abstentation doctrine which bars federal courts from reviewing a decision rendered by a state court. *See Siegel v. Lepore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (citing *District of Columbia Court of Appeals v. Feldman*, 460, U.S. 462 (1983); *Rooker v. Fidelity Trust Co.* 263 U.S. 413, 415-16 (1923); *see generally*, 1A Martin A. Schwartz and John E. Kirklin, Section 1983 Litigation § 1.10 (3rd ed. 1997). The Supreme Court has stated that under the *Rooker-Feldman Doctrine*, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the a state judgment itself violates the loser's federal rights." *Johnson v. Degrandy*, 114 S. Ct. 2647, 2654 (1994). In assessing the applicability of the *Rooker-Feldman* doctrine to a particular case "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Long v. Shorebank Development*, 182 F.3d 548, 555 (7th Cir. 1999) (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). "If the injury alleged resulted from the state court judgment itself, the *Rooker-Feldman* doctrine dictates that the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional." *Id.* (quoting *Centres, Inc. v. Town of Brookfield*, 148 F.3d 699-701 (7th Cir. 1998); *see also Shreve v. Lepore*, 234 F.3d 1163, 1172 (11th Cir. 2000). "By contrast if the alleged injury is distinct from the state court judgment and not inextricably intertwined with it, the *Rooker-Feldman* doctrine does not apply, although the doctrines of claim and issue preclusion may be applicable." *Shorebank Development*, 182 F.3d at 555. The pivotal question is whether the

plaintiff "seek[s] to relitigate ... a necessary component of the state judgment." *Carter v. Doyle*, 95 F. Supp. 2d 851 (N.D. Ill. 2000). In other words, is the plaintiff "attempting to 'appeal' the state case through the back door of the federal courts?" *Id; see also* Erwin Chemerinsky, Federal Jurisdiction § 8.1 (3rd ed. 1999) ("Section 1983 ... is not a basis for federal district court review of state court proceedings.").

Defendants assert that the *Rooker-Feldman* doctrine clearly obligates the court to dismiss this case for want of subject matter jurisdiction. They contend that because the plaintiff never appealed the arrest to the state appellate court, the plaintiff is merely attempting to have this court review the state court decision. Conversely, the plaintiff argues that the *Rooker-Feldman* doctrine is wholly inapplicable because there has been no "final judgment." The court agrees with the defendants' analysis, although it is not so much concerned with the plaintiff's failure to file an appeal as it is with the fact that the gravamen of the plaintiff's complaint deals with the wrongfulness of her conviction. Specifically, the plaintiff alleges that she "did not commit the charge of interference of custody." (Complaint ¶ 7). The rest of the complaint contends that she was detained without probable cause and that she was subjected to humiliation, etc. while so detained. To address this complaint, therefore, the court would have to look at the underlying state court action and attempt to determine the plaintiff's guilt or innocence. The court's review would then amount to a "back door" appeal by means of the United States District Courts. *Doyle*, 95 F. Supp. 2d at 857. This the court cannot do as her claims are "inextricably intertwined" with the state court judgment. *Siegel v. Lepore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 482 n. 16).

Moreover, the court finds the plaintiff's argument that the state court did not issue a "final" decision to be without merit.[2] Thus, the court finds that any further issues, discrepancies, etc., should more properly be dealt with in the Alabama state court system. Accordingly, the court will grant the defendant's motion to dismiss on the grounds that it has no jurisdiction pursuant to the *Rooker-Feldman* doctrine.

### B. 11th Amendment Immunity

The defendants' motion also contends that the Eleventh Amendment's grant of sovereign immunity bars any claims against the State of Alabama. The Eleventh Amendment states "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." U.S. Const. amend XI. As interpreted, the Eleventh Amendment effectively prohibits suits in federal courts against state government in law, equity or admiralty by a state's own citizens, by citizens of another state, or by citizens of a foreign country. *See* Chemrinsky, *supra*, § 7.1. Plaintiff maintains that the Supreme Court's most recent statement on this issue – found in *Alden v. Maine*, 527 U.S. 706 (1999) allows for "certain limits to apply to the constitutional principle of sovereign immunity." *Id.* at 755. Indeed, *Alden v. Maine* sets forth certain limitations to the Eleventh

---

[2] The plaintiff dismissed the defendants' defense of the *Rooker-Feldman* doctrine on the grounds that no "final judgment" has been issued in the case. The Supreme Court has held that a "'judgment' or 'decision' is final for the purpose of appeal only 'when if terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined.'" *Parr v. United States*, 351 U.S. 513 (1956) (quoting Iron Mountain & Southern R. Co. v. Southern Express Co., 108 U.S. 24, 28 (1883). "Final judgment in a criminal case means sentence. The sentence is the judgment.'" *Id.* (quoting *Berman v. United States*, 302 U.S. 211, 212-13 (1937)). The plaintiff has provided no information regarding whether she was sentenced or whether the case was dismissed on other grounds. Moreover, if the plaintiff is arguing that the decision is not "final" because she failed to appeal the Alabama decision, this argument is irrelevant because so long as there was a conviction and a sentence there was a final judgment.

Amendment's broad grant of immunity. In *Alden* the Court held that Eleventh Amendment may be waived when: (1) the action is brought by the federal government; (2) the suit is brought against a state official, in his or her official capacity seeking prospective injunctive relief; (3) the action is against a state official in his or her *individual* capacity for money damages payable solely by the state official and not the state treasury; (4) if the legislation is validly enacted pursuant to Congress's powers under § 5 of the Fourteenth Amendment to the Constitution; and (5) if the state waives its immunity so long as it does so explicitly and unambiguously. *Id.* at 755-57; *see also Florida v. United States*, 133 F. Supp. 2d 1280, 1284-85 (N.D. Fla. 2001). Although the "certain limits" may be applicable to other defendants listed in the case there is no exception which would waive sovereign immunity for the State of Alabama. Moreover, the court does not see how additional discovery will "shed light" on the plaintiff's claims. In conclusion, although the *Rooker-Feldman* doctrine is sufficient grounds to dismiss the entire case, the court believes the the Eleventh Amendment's grant of sovereign immunity provides additional reasons to dismiss the case against the State of Alabama.

### C. Prosecutorial Discretion

Finally, the defendants argue that the claim against McCool is due to be dismissed because as a prosecutor he is entitled to absolute immunity. Two kinds of immunity are applicable in § 1983 cases – qualified immunity and absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 267-68 (1993). Most public officials are entitled only to qualified immunity. *Id.* (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Under this form of immunity, officials are not subject to liability damages for the performance of their

discretionary functions where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quoting *Harlow*). This form of immunity protects officials who are required to exercise their discretion in protecting the public interest. *Id.* As it applies to prosecutors, qualified immunity provides a defense when the prosecutor is performing administrative functions, *e.g.* "out of court" activities such as the way a prosecutor chooses to go about investigating a case. *See e.g. Buckley v. Fitzsimmons*, 509 U.S. 259, 274-75 (holding that absolute immunity does not apply when prosecutor shops for a favorable expert witness); *Kalina v. Fletcher*, (1997) (holding that tasks traditionally done by police officers such as filing statements in support of warrants are entitled to qualified immunity). Absolute immunity, though "sparingly granted," is available for state prosecutors in the "initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial." *Fitzsimmons*, 509 U.S. at 274-74. (quoting *Imbler v. Pachtman*, 424 U.S. 409, 421 (1976)). More specifically, absolute immunity is appropriate when prosecutors decide whether to present a case to a grand jury, decide whether to prosecute and decide what evidence or witnesses to present. *Imbler v. Pachtman*, 424 U.S. 409, 431 n. 33 (1976); *see also* Chemrinsky, *supra*, § 8.6 (explaining prosecutorial discretion). The proper line as to whether qualified or absolute immunity is applicable is far from clear; however, the Plaintiff's complaint does not provide any basis from which the court can make a decision as to whether the plaintiff has in fact stated a claim. In her complaint, the plaintiff merely alleges that she was wrongfully prosecuted. (Complaint ¶¶ 9-11). Based on the face of the plaintiff's complaint, it appears that the only thing the plaintiff objects to is the fact that the prosecutor brought the case,

which is an action entitled to a grant of absolute immunity. *Fitzsimmons*, 509 U.S. at 274-75. Accordingly, although the *Rooker-Feldman* doctrine alone provides grounds for dismissal of the lawsuit, the court reaffirms its decision to dismiss the case based on the prosecutor's grant of absolute immunity.

**V.    Conclusion.**

The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this \_\_\_3rd\_\_\_ of June, 2003.

L. Scott Coogler
United States District Judge